**Asad ASADUZZAMAN, et al Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–71380.**

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 2005.\*\*

Decided May 17, 2005.

Judith L. Wood, Esq., Jesse A. Moorman, Esq., Law Offices of Judith L. Wood, Beth S. Persky, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Shelley R. Goad, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

608

Before: WARDLAW, PAEZ, Circuit Judges, and BEISTLINE,*** District Judge.

MEMORANDUM ****

Asad Asaduzzaman, a Bihari who previously lived in Bangladesh, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance without opinion of the Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

█ Asaduzzaman seeks asylum and withholding of removal on the ground that he and his family were targets of violence and persecution in Bangladesh because of their Bihari ethnicity. We first consider whether the IJ's adverse credibility finding was supported by substantial evidence, *see Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir.2000), and hold that it was not. The IJ's adverse credibility finding was improperly based on speculation that it would be impossible for a Bihari to acquire a Bangladeshi passport.

Ordinarily, when we reverse an adverse credibility determination, we must remand to the BIA. *See He v. Ashcroft*, 328 F.3d 593, 603–04 (9th Cir.2003). However, because the IJ proceeded to the merits of the asylum claim and, accepting petitioner's testimony as true, found that Asaduzzaman was not persecuted on account of a statutorily protected ground, remand is unnecessary and we may proceed to consider Asaduzzaman's claims. *See Guo v. Ashcroft*, 361 F.3d 1194, 1204 (9th Cir. 2004).

█ The IJ concluded that Asaduzzaman and his family were not persecuted on account of a statutorily protected ground. This finding was supported by substantial evidence. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998). First, the record supports the conclusion that the three incidents petitioner cited did not rise to the level of persecution, but were simple robberies. Moreover, even if these incidents did rise to the level of persecution, the record supports the IJ's conclusion that they were motivated solely by pecuniary gain, not ethnic hatred. Because they never mentioned Asaduzzaman's Bihari status, "the attackers' words themselves" did not reveal any motivation related to his ethnicity. *Cf. Ali v. Ashcroft*, 394 F.3d 780, 786 (9th Cir.2005). The IJ properly considered the State Department Profile, which states, "[w]e have not seen evidence that Biharis are specific targets of police abuse or other mistreatment," to be at odds with Asaduzzaman's claims of persecution or well-founded fear of future persecution. Because substantial evidence supports the IJ's conclusion that Asaduzzaman was not persecuted on account of a statutorily protected ground, we deny the petition. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal.

*** The Honorable Ralph R. Beistline, United States District Judge for the District of Alaska, sitting by designation.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

This stay will expire upon issuance of the mandate.

PETITION DENIED.